## Beeson *et al.* *versus* Brownfield *et al.*

When land has been conveyed by deed, and an action brought on a bond given for the purchase-money thereof, it is not sufficient for the defendant to show, as proof of failure of consideration, that the plaintiff's title to the land was defective. He must prove a superior indisputable title in a third person, who is asserting his right thereto by virtue of such title.

ERROR to the Court of Common Pleas of *Fayette County.*

Debt by Isaac Brownfield, John Collins, and George B. Hutchinson, executors of Basil Brownfield, against William Beeson, John Snider, Robert Hogsett, Ayers Nixon, and Thomas B. Schnatterly, for instalments of interest on a bond given for the purchase-money of a tract of land. Defendants pleaded *nunquam indebitatus*, and the following special plea:

" And now, February, 1881, the defendants, by their attorneys, say, that the writing obligatory in the declaration mentioned was obtained from them by the plaintiff through and by means of the fraud, coercion, and misrepresentations of the said plaintiff, and this the defendants are ready to verify.

" And for further plea the said defendants say that the said writing mentioned in said declaration was obtained from them by said plaintiff by fraudulent and false representation, in that he was the owner in fee of some six several tracts of land situate in George and Springhill townships, said county, containing near eighteen hundred acres of land, more or less, and which he agreed and purported to sell said defendants by article of agreement bearing date the 18th day of October, A. D. 1875—' and to make a general warranty deed in fee simple whenever the parties of the second part (the defendants) offer to execute and deliver to him a mortgage . . . . possession to be given immediately.' That afterwards, to wit, on the    day of    18   , he made a deed in which said lands were described and falsely represented to be conveyed ; that in consideration thereof said writing was given. That at the time of the execution of said agreement and the deed aforesaid, nor at the time of bringing this suit, nor at any other time, had said plaintiff any such title as represented, and had no right to and did not give defendant possession of said land. That therefore the said obligation is void, being wholly without consideration under the circumstances aforesaid. And this the defendants are ready to verify."

On the trial before WILSON, J., the defendants offered in evidence patents from the Commonwealth for the land in question to parties other than the plaintiff, for the purpose

of showing that the plaintiff had no interest therein.   They also proved that there were no improvements made by the plaintiff on the land.

The plaintiffs, in rebuttal, proved a possessory title in themselves for more than twenty-one years prior to the conveyance to defendants, and showed that defendants had entered into possession and exercised acts of ownership.

The defendants, in surrebuttal, showed by Philip Victor that the witness and his father had cut timber and taken coal from the land in question for fifty years, and that there had been a little house on the land for eight or ten years.

The Court charged as follows:

" This is an action brought by Basil Brownfield against William Beeson and others, for the purpose of recovering interest alleged to be due upon a bond for purchase-money given by the defendants to the plaintiff, and bearing date some blank day in July, I believe in 1876.   By the terms of that bond, the sum of $4828.50, purchase-money, was to be paid upon the first day of April, 1891, by the defendant to the plaintiff; but the interest was to be paid upon the sum semi-annually, from the first day of April, 1876.   The plaintiff claims that at the time of the bringing of this suit, which was in June, 1879, there was three years' interest due upon this bond, and he had so charged in the declaration filed in the case, as being a breach of the bond, and is now asking at your hands a verdict for the amount of the three years' interest, or for the penalty fixed in the bond, with leave to the plaintiff to take out execution for the sum of $869.13, the amount of the three years' interest.   The execution of the bond is not denied by the defendants, but they allege that the bond was given for the purchase-money, as set forth in a deed that has been offered in evidence, from Basil Brownfield to the defendants, for six tracts of land situated up in the mountains in Wharton, Springhill, and George townships, in this county, and containing, in the aggregate, some sixteen hundred acres.   And the defendant's claim that they ought not to be required to pay what is claimed in this suit, or any part of what is named in the bond, because they allege the plaintiff has no title to the land conveyed in that deed.    And they have given in evidence some title-papers, which they claim show that the title to some of the tracts of land remains in other parties.    It is not necessary for us to go over the various questions that have been discussed by the · counsel who have addressed the Court [but it is sufficient for the present case for us to instruct you, that the defendants have not offered sufficient evidence to justify the Court in submitting to you the question in regard to the title to the

[Beeson *et al. v.* Brownfield *et al.*]

lands conveyed by Basil Brownfield to the defendants; because we are of the opinion, and so instruct you, that the evidence offered on the part of the defendants is not that kind that the law requires in order to enable the purchaser of land to withhold payment of the purchase-money; that they have not offered in evidence anything that goes to show that there is an outstanding title to any of the tracts of land which is good and indisputable, and which is being asserted by the person who holds that title, and that therefore the defence set up by the defendants here fails, and the plaintiff is entitled to your verdict] for the sum of the penalty named in the bond—$9657, with leave to take out execution for the amount of the three years' interest that was due prior to the bringing of this suit. We have been requested by the defendants to charge you:

" ' 1. That if the jury believe from the evidence, that the title to any of the tracts of land conveyed to the defendants is defective, the consideration has failed, the contract being an entire one, and the plaintiff cannot recover.'

" ' 2. That the evidence of title in the plaintiff, by possession, is not sufficient to vest in plaintiff such a fee simple interest as to enable him to make the defendant a good title with a general warranty, and he is not entitled to recover.'

" Both of these points are refused. The first, as we have already stated, because there is no sufficient evidence of any outstanding title to any of the tract of land such as would enable these defendants to resist the payment of the purchase-money, and the last one because we are not to consider now the title of the plaintiff to the lands conveyed to the defendant."

Verdict for plaintiff, and judgment thereon.

The defendants excepted, assigning as error the refusal of their points, and the portion of the charge in brackets.

*D. Kaine* and *R. H. Lindsey* for plaintiffs in error.

In Pennsylvania the general doctrine has prevailed ever since the case of Steinhauer *v.* Witman, 1 S. & R., 438, that if the consideration-money for land has not been paid, the purchaser, unless it plainly appear that he has agreed to run the risk of the title, may defend himself in an action for the purchase-money, by showing that the title was defective either ·in whole, or in part, whether there was a covenant of general warranty or of right to convey, or quiet enjoyment by the vendor or not, and whether the vendor has executed a deed of conveyance for the premises or not: Youngman *v.* Linn, 2 P. F. S., 416 : Murphy *v.* Richardson, 4 Casey, 288.

[Gerbracht *v.* The Commonwealth.]

It is well settled that failure of title to part of the land sold affords a *pro tanto* defence against payment of purchase-money, unless it appears that the purchaser has taken the title at his own risk: White *v.* Lowry *et al.*, 3 Casey, 254.

J. H. *Playford* and *Daniel Downer*, for defendants in error, cited Hersey *v.* Turbett, 3 Casey, 418; Ludwick *v.* Huntzinger, 5 W. & S., 51; Crawford *v.* Murphy, 10 Harris, 84.

NOVEMBER 28TH, 1881, PER CURIAM: It is well settled by Ludwick *v.* Huntzinger, 5 W. & S., 51, and many other cases, that when articles for the sale of land have been executed by a deed, in an action on the securities given for the purchase-money, it is not sufficient for the grantee to give in evidence a defective title; he must prove a superior indisputable title in a third person who is asserting his right thereto by virtue of such title. Nothing of the kind was shown here. Victor's evidence failed to show a good title by adverse possession for twenty-one years. Cutting timber, and coaling the land, did not constitute such a possession, and the little house on it, whatever it was, had been there only eight or ten years.

Judgment affirmed.